1   GARY M. RESTAINO
    United States Attorney
2   District of Arizona
    JULIE A. SOTTOSANTI
3   Assistant U.S. Attorney
    AZ. BAR #025496
4   United States Courthouse
    405 W. Congress Street, Suite 4800
5   Tucson, Arizona 85701
    Telephone: 520-620-7300
6   Julie.sottosanti@usdoj.gov
    Attorneys for Plaintiff
7

FILED ___ LODGED
RECEIVED ___ COPY

JUL 1 5 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

8                   IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10   United States of America,                CR-22-50048-003-TUC-RM (DTF)

11                        Plaintiff,
                                              REVOCATION DISPOSITION
12         vs.                                        AGREEMENT

13   Bairon Ariel Torres-Zuniga,

14                        Defendant.

15          The United States of America and the defendant agree to the following disposition

16   of this matter:

17   1.     This is a revocation of:

18                ☑      supervised release

19                ☐      probation

20   2.     The defendant will admit to allegation ___1___ in the Petition to Revoke.  This is a

21   Grade _C_____ violation.  As a result, the defendant's supervised release will be revoked.

22   The government agrees to dismiss at disposition any remaining allegation(s) in the petition,

23   if the defendant is sentenced in accordance with this agreement.

24   3.     The parties agree that the defendant will be sentenced to:

25                ☑      A period of incarceration not lower than the bottom, and not to exceed
26                       the middle of the applicable guideline range under U.S.S.G. §
                         7B1.4(a) (Revocation Table), to wit: ___5-8___ months;
27
                  ☐      A period of incarceration not lower than the middle, and not to exceed
28                       the top of the applicable guideline range under U.S.S.G. § 7B1.4(a)
                         (Revocation Table), to wit: _____ months;

1    ☐   _____ months incarceration;

2    ☐   Other: _____

3    4.    This sentence will be followed by:

4         ☐   An additional term of ____ months of supervised release

5         ☐   An additional term of supervised release with the length to be
6             determined by the Court

7         ☐   No additional term of supervised release

8         ☑   Whether to impose any term of supervised release is to be determined
             by the Court (no agreement by the parties)

9    If the defendant is sentenced to a term of probation or supervised release, the

10   defendant agrees to comply with the previously imposed conditions and any others the

11   probation department or court deems appropriate.

12        ☐   In addition, the defendant shall reside in a residential program for up

13   to 180 days, unless discharged earlier by the probation officer.  Placement may include,

14   singularly or in any combination, a residential re-entry center (RRC), drug-free sober living

15   environment, inpatient drug treatment facility or halfway house.

16        ☐   In addition, the following additional condition(s) shall be imposed: ____

17   _____

18   _____

19   5.    Consecutive/Concurrent sentences:

20        ☐   There is no agreement regarding consecutive or concurrent sentences

21        ☐   The issue is not applicable in this case

22        ☐   The government agrees that it will not take a position whether this
             sentence should be concurrent or consecutive to another sentence.

23   6.    Statutory and Guideline Provisions:

24        a)   Penalties applicable for defendant's <u>original</u> offense:

25             1)   Criminal History – _____III_____

26             2)   Guideline Range – _____10-16 months_____

27             3)   Statutory Maximum Incarceration – _____20 years_____

28

- 2 -

4)      Maximum Supervised Release –      3 years

b) U.S.S.G. § 7B1.4, the Terms of Imprisonment (Policy Statement) provides:
Revocation Table (In months of imprisonment)

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | 4-10 | **5-11** | 6-12 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| Grade A | (1) *Except* as provided in subdivision (2) below: | | | | | |
| | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| | (2) Where a defendant was on probation or supervised release <u>as a result of a Class A felony</u>: | | | | | |
| | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

c)      For <u>probation</u> violations, the defendant, upon revocation of probation, may be re-sentenced to any term of imprisonment not to exceed statutory maximum of the original offense of conviction. (18 U.S.C. § 3565 (a)(2))

d)      For <u>supervised release</u> violations, the maximum imprisonment upon revocation of supervised release (pursuant to 18 U.S.C. § 3583 (e)(3)) is:

❑      Class A felony - 5 years      ☑      Class C or D felony - 2 years

❑      Class B felony - 3 years      ❑      Any other case - 1 year

The maximum supervised release following any term of imprisonment upon revocation of supervised release shall not exceed the maximum supervised release for the underlying offense, less any term of imprisonment that was imposed upon revocation. (18 U.S.C. § 3583(h))

7.      Waiver of Appeal & Collateral Attacks - The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or petition to revoke, or to the Court's entry of judgment and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon

- 3 -

1   defendant; and (3) any right to collaterally attack defendant's conviction and sentence in a

2   habeas petition under 28 U.S.C. § 2255 or motion under any other statute or rule.  If the

3   defendant files a notice of appeal or any habeas petition, notwithstanding this agreement,

4   the defendant agrees that, upon motion of the government, this case shall be remanded to

5   the district court to determine whether defendant is in breach of this agreement and, if so,

6   to permit the United States to withdraw from this disposition agreement.  This waiver shall

7   not be construed to bar a claim by the defendant of ineffective assistance of counsel or of

8   "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-

9   01 (2015)).  Nor shall this waiver bar the defendant from filing a motion for compassionate

10   release under 18 U.S.C. § 3582(c)(1)(A) and appealing the denial of such a motion.

11   8.     The defendant understands the government's obligation to provide all information

12   in its file regarding the defendant to the United States Probation Office.  The defendant

13   fully understands and agrees to cooperate fully with the United States Probation Office in

14   providing all information requested by the probation officer.

15   9.     I understand all of the provisions of this agreement.  This written disposition

16   agreement contains all the terms and conditions of my agreement, and any promises made

17   by anyone (including my attorney) that are not contained within this written agreement are

18   without effect and are void.

19

20   *July 11, 2022*                 *Bairon Ariel Torres-Zuniga by*

21   Date                           Bairon Ariel Torres-Zuniga *Francisco Leon*

                                      Defendant

22   10.    I have discussed this case and the written agreement with my client in detail, and

23   have translated it for my client if my client does not speak English.  No assurances,

24   promises, or representations have been given to me or my client by the government or by

25   any of its representatives which are not contained in this written agreement.  I concur in

26   the entry of the agreement as indicated above and agree that the terms and conditions set

27   forth in this agreement are in the best interests of my client.

28

- 4 -

76/11/2022
Date

Frank Leon
Attorney for the Defendant

11.  I have reviewed this matter and the agreement.  I agree on behalf of the United States
that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

JULIE
SOTTOSANTI

_____            JULIE A. SOTTOSANTI
Date                       Assistant U.S. Attorney

- 5 -